**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| DEBRA C. TONEY, | ) | 10-27731-SBB |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| Last four digits of SS#: 5521 | ) | |
| _____ | ) | |
| | ) | |
| JAYNE M. PALU and | ) | |
| TIMOTHY R. BEYER, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 10-01799-SBB |
| DEBRA C. TONEY, | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT (DOCKET #14)**

THIS MATTER comes before the Court on the Motion for Summary Judgment filed by the Plaintiffs, Jayne M. Palu and Timothy R. Beyer ("Plaintiffs"), on February 28, 2011[1] and the Response in Opposition to the Motion for Summary Judgment filed by Defendant, Debra C. Toney ("Defendant"), on May 19, 2011.[2] The Court, having reviewed the pleadings[3] and the within case file, makes the following Findings of Fact, Conclusions of Law, and enters the following Order.

## I.     Summary of the Question Presented

The Plaintiffs have filed a Motion for Summary Judgment asserting that this Court should find that the entry of an order granting summary judgment in State Court is binding upon this Court based on issue preclusion. In the state court action, certain findings and conclusions were made by the state court with respect to fraud by the Defendant.

The Plaintiffs allege that: (1) the issue of fraud determined by the state court is identical under 11 U.S.C. § 523(a)(2)(A); (2) the Defendant was a party—and, in fact, an active

---

[1] Docket #14.

[2] Docket # 22.

[3] Plaintiffs sought leave to file a Reply on June 1, 2011 (Docket #23). The Court, by this ruling, denies the request for file a Reply.

participant—in the prior state court proceeding; (3) the summary judgment was final; and (4) the Defendant had a "full and fair opportunity" to —and did —litigate the issues in the state court action.

The Defendant contends that the issues in the state court action were *not* identical to the issues presented in this adversary proceeding. Thus, Defendant asserts that this Court should and must re-litigate the issues between the parties. Moreover, and perhaps most importantly, Defendant asserts that she simply did not have the finances to defend this action and was simply warn down by the Plaintiffs' litigation tactics in the state court action. Consequently, Defendant asserts she did not have a "full and fair opportunity" to litigate the issues previously.

For the reasons stated herein, this Court concludes that the state court summary judgment must be granted issue preclusive effect under the facts and circumstances of this case.

## II.  Summary Judgment Standards and Burden of Proof

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] Generally, the Court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.[5] Once the moving party has demonstrated the absence of material facts in dispute, then the burden shifts to the opposing party to demonstrate material facts supporting a claim exist. The standard for both parties is preponderance of evidence.

Here, the Plaintiffs assert that issue preclusion should be applied to a state court judgment. The Plaintiffs, therefore, bear the burden of proving that the elements of issue preclusion have been met.[6]

## III.  Material Undisputed Facts[7]

### A.  Background

1.  On December 16, 2008, Plaintiffs filed suit in the Denver District Court, Case Number 2008 CV 10786, against the Debtor, Debra Toney Rental, LLC ("DTR"), Debra Toney Residential Design & Development, LLC ("DTRDD")(collectively, the "Toney Defendants")

---

[4]  FED.R.CIV.P. 56(a), made applicable to adversary proceedings by FED.R.BANKR.P. 7056.

[5]  *Thournir v. Meyer,* 909 F.2d 408, 409 (10th Cir. 1990).

[6]  *Evans v. Dunston (In re Dunston),* 146 B.R. 269, 277 (D.Colo. 1992).

[7]  The Material Undisputed Facts contained herein are taken verbatim from the Plaintiff's Motion for Summary Judgment with only stylistic changes and the citing references have been modified to reflect the filing of the Defendant's Response to the Motion for Summary Judgment.

and Mark Adcock ("State Court Action").[8]

2. In the State Court Action, Plaintiffs alleged claims of Negligence, Breach of Implied Warranties, Negligent Misrepresentation and Intentional Misrepresentation/Fraud.[9]

3. The Defendant participated in the State Court Action by answering the Complaint, engaging in discovery, and filing various other pleadings throughout the case.[10]

4. On October 30, 2009, the Toney Defendants filed an Admission of Liability and Damages on Plaintiffs' First and Second Claims for Relief pursuant to which the Toney Defendants jointly and severally admitted that Plaintiffs incurred actual damages in the amount of $507,000.[11]

5. On December 11, 2009, Plaintiffs filed a Motion for Partial Summary Judgment, seeking judgment against the Defendant and DTR on Plaintiffs' Intentional Misrepresentation/ Fraud Claim.[12]

6. On January 23, 2010, the Defendant and DTR, through counsel, filed a Response to Plaintiffs' Motion for Summary Judgment ("State Court Response").[13]

7. In their State Court Response, the Toney Defendants requested that the Denver District Court deny Plaintiffs' Motion for Partial Summary Judgment, and argued that there were genuine issues of material fact regarding Plaintiffs' fraud claim.[14]

8. On July 8, 2010, the Court granted Plaintiffs' Motion for Partial Summary

---

[8] Motion for Summary Judgment ¶I.1 and Response to Summary Judgment ¶I.1.

[9] Motion for Summary Judgment ¶I.2 and Response to Summary Judgment ¶I.2.

[10] Motion for Summary Judgment ¶I.3 and Response to Summary Judgment ¶I.3.

[11] Motion for Summary Judgment ¶I.4 and Response to Summary Judgment ¶I.4. Defendant clarifies (but does not deny) the response to the allegations such that "Debtor admits that she admitted to certain liability as to the Plaintiffs' claims for *negligence and breach of implied warranties* in the [State Court Action]." (Emphasis added).

[12] Motion for Summary Judgment ¶I.5 and Response to Summary Judgment ¶I.5.

[13] Motion for Summary Judgment ¶I.6 and Response to Summary Judgment ¶I.6.

[14] Motion for Summary Judgment ¶I.7 and Response to Summary Judgment ¶I.7. Defendant asserts that the document speaks for itself and that it was procured because the Defendant could not afford to wage a defense.

Judgment against the Defendant and DTR ("State Court Judgment").[15]

9. Specific findings of fact and conclusions of law were made with respect to fraud in the State Court Judgment.[16]

### B. The Specifics of the State Court Judgment

10. The Debtor is the principal of DTRDD and DTR.[17]

11. In 2004, DTRDD and Mark Adcock remodeled a home at 12 South Eudora, Denver, CO ("Property").[18]

12. In 2007, Plaintiffs purchased the Property from DTR for $3 million.[19]

13. The State Court Judge in rendering the State Court Judgment found: "Amongst other representations made to the Plaintiffs while in the process of purchasing the Property, [the Defendant] completed a Seller's Property Disclosure ("Disclosure") indicating that there were no present or past conditions involving moisture or water problems, roof problems or leaks, skylight problems or gutter or downspout problems."[20]

14. The State Court Judge found that "[a]fter living in the Property for a few months, Plaintiffs discovered significant damage to the Property from water introduced into the home due to faulty and defective construction."[21]

15. The State Court Judge found that the Defendant "witnessed water leaking from the skylight onto the floor and was aware of resulting repairs to the roof, skylight and interior

---

[15] Motion for Summary Judgment ¶I.8 and Response to Summary Judgment ¶I.8. Defendant asserts that the document speaks for itself.

[16] Motion for Summary Judgment ¶II.9 and Response to Summary Judgment ¶II.9. Defendant asserts that the document speaks for itself.

[17] Motion for Summary Judgment ¶II.A.10 and Response to Summary Judgment ¶II.A..10. Defendant asserts that the State Court Judgment speaks for itself.

[18] Motion for Summary Judgment ¶II.A.11 and Response to Summary Judgment ¶II.A..11. Defendant asserts that the State Court Judgment speaks for itself.

[19] Motion for Summary Judgment ¶II.A.12 and Response to Summary Judgment ¶II.A..12. Defendant asserts that the State Court Judgment speaks for itself.

[20] Motion for Summary Judgment ¶II.A.13 and Response to Summary Judgment ¶II.A..13. Defendant asserts that the State Court Judgment speaks for itself.

[21] Motion for Summary Judgment ¶II.A.14 and Response to Summary Judgment ¶II.A..14. Defendant asserts that the State Court Judgment speaks for itself.

drywall" prior to the sale of the Property.[22]

16. The Defendant "knew of a water leak near the French doors in the living room that resulted in damages to the floor and baseboard where it attaches to the drywall and that the water leak was like the result of a scupper failure."[23]

17. The State Court Judge further noted that on the Disclosure, where it asks "To seller's current actual knowledge, do any of the conditions now exist or have ever existed?" under the "structural conditions" heading, the Debtor checked the "no" box for "moisture and/or water problems," and under the "roof" heading, the Debtor checked the "no" boxes for "roof leak: past," "skylight problems" and "gutter or downspout problems."[24]

18. Thus, the State Court Judge concluded "[the Defendant] made a fraudulent misrepresentation."[25]

19. Despite the Debtor's arguments to the contrary, the State Court Judge found that the past water damages and resulting repairs were material facts, because "any past water damages and resulting repairs are information a reasonable person under these circumstances would regard as important in deciding what to do."[26]

20. The State Court Judge concluded that the Plaintiffs did rely upon the Defendant's misrepresentation.[27]

21. Moreover, the State Court Judge analyzed the Defendant's argument that there was a genuine issue of material fact regarding the reasonableness of Plaintiffs' reliance and specifically concluded that such arguments were without merit.[28]

---

[22] Motion for Summary Judgment ¶II.B.15 and Response to Summary Judgment ¶II.B..15. Defendant asserts that the State Court Judgment speaks for itself.

[23] Motion for Summary Judgment ¶II.B.16 and Response to Summary Judgment ¶II.B..16. Defendant asserts that the State Court Judgment speaks for itself.

[24] Motion for Summary Judgment ¶II.B.17 and Response to Summary Judgment ¶II.B..17. Defendant asserts that the State Court Judgment speaks for itself.

[25] Motion for Summary Judgment ¶IIB.18 and Response to Summary Judgment ¶II.B..18. Defendant asserts that the State Court Judgment speaks for itself.

[26] Motion for Summary Judgment ¶II.B.19 and Response to Summary Judgment ¶II.B..19. Defendant asserts that the State Court Judgment speaks for itself.

[27] Motion for Summary Judgment ¶II.C.20 and Response to Summary Judgment ¶II.C.20. Defendant asserts that the State Court Judgment speaks for itself.

[28] Motion for Summary Judgment ¶II.C.21 and Response to Summary Judgment ¶II.C.21. Defendant asserts that the State Court Judgment speaks for itself.

22. The State Court Judge found that "there was no genuine issue of material fact that the Plaintiffs justifiably and reasonably relied upon [the Defendant's] and DTR's misrepresentations."[29]

23. The State Court Judge found that the Defendant had intended for the Plaintiffs to rely on the false Disclosure.[30]

24. This finding was supported by the Defendant's own admission under oath whereby she was asked, "[Y]ou intended the buyers to rely on [the Disclosure] as an accurate document?" and she answer, "Yes, I did."[31]

25. The State Court Judge found that the "areas and causes of damages observed by [the Defendant] are consistent with the areas and causes of damages set forth in the Plaintiffs' expert's report."[32]

26. The State Court Judge determined that Plaintiffs' damages are a direct result of the Defendant's misrepresentations.[33]

27. The State Court Judge found that the cost to repair the damaged portion of the Property to appropriate levels of waterproofing such that it meets industry standards and building codes, plus engineering and architectural as well as relocation costs for the Plaintiffs is at least $507,000.[34] The State Court Judge found that this total amount included at least (a) $442,000 to Newmyer Contracting, Inc., to remediate the water damage and to repair the Property to meet building codes and industry standards for waterproofing, (b) $15,000 in relocation expenses while the Property is under construction, and (c) $50,000 for engineering and architectural fees.[35]

---

[29] Motion for Summary Judgment ¶II.C.22 and Response to Summary Judgment ¶II.C.22. Defendant asserts that the State Court Judgment speaks for itself.

[30] Motion for Summary Judgment ¶II.D.23 and Response to Summary Judgment ¶II.D.23. Defendant asserts that the State Court Judgment speaks for itself.

[31] Motion for Summary Judgment ¶II.D.24 and Response to Summary Judgment ¶II.D.24. Defendant asserts that the State Court Judgment speaks for itself.

[32] Motion for Summary Judgment ¶II.E.25 and Response to Summary Judgment ¶II.E.25. Defendant asserts that the State Court Judgment speaks for itself.

[33] Motion for Summary Judgment ¶II.E.26 and Response to Summary Judgment ¶II.E.26. Defendant asserts that the State Court Judgment speaks for itself.

[34] Motion for Summary Judgment ¶III.27 and Response to Summary Judgment ¶III.27. Defendant asserts that the State Court Judgment speaks for itself.

[35] Motion for Summary Judgment ¶III.28 and Response to Summary Judgment ¶III.28. Defendant asserts that the State Court Judgment speaks for itself.

IV. **Issues**

The Court determines that there are two issues legitimately before the Court:

A. Whether the issues before the State Court Judge were identical to the issues presented in this Adversary Proceeding.

B. Whether the Defendant had a "full and fair opportunity" to litigate the issues in the prior proceeding.

As discussed in this Court's legal analysis, the Court concludes that the issues decided by the State Court Judge were identical to the issues presented in this Adversary Proceeding. Moreover, despite the assertion that the Defendant did not have a "full and fair opportunity" to defend the State Court Action due to financial and resource constraints, this Court concludes that she *did* defend the State Court action and she was given a "full and fair opportunity" to litigate and defend herself the State Court Action. Consequently, the Court determines that the State Court Judgment is binding on this Court.

V. **Discussion - Issue Preclusion**

A. **Application of Issue Preclusion**

"[I]ssue preclusion, is a judicially created, equitable doctrine that operates to bar relitigation of an issue that has been finally decided by a court in a prior action."[36] A determination of whether issue preclusion should be applied to a state court judgment requires that this Court look to the preclusion law of the state—here, Colorado—where the judgment was entered.[37] The Colorado Supreme Court has held that:

> Issue preclusion bars relitigation of an issue if: (1) the issue sought to be precluded is identical to an issue actually determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. Only when each of these elements has been satisfied are the equitable purposes of the doctrine furthered by issue

---

[36] *Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44, 47 (Colo. 2001) (citations omitted).

[37] *Marrese v. Am. Acad. Of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

preclusion.[38]

**B.    The Issue Sought to Be Precluded *Is* Identical to an Issue Actually Determined in the Prior Proceeding**

"The requirements to prove common law fraud are the same as the elements to establish nondischargeability under § 523..."[39]  In order to prove common law fraud in Colorado, a creditor must prove: (1) a fraudulent misrepresentation of material fact; (2) the fraudulent misrepresentation was relied upon by the plaintiff; (3) that the plaintiff had a right to rely on, or were justified in relying on, the misrepresentation; (4) the reliance on the misrepresentation resulted in damages.  As discussed above, the State Court Judge found *all* of these items in the detailed State Court Judgment.

In fact, because the State Court found fraud under Colorado law, it also fulfilled *all* of the elements required under 11 U.S.C. § 523(a)(2)(A), that is:

(i)     the debtor made a false representation;
(ii)    the debtor made the representation with the intent to deceive the creditor;
(iii)   the creditor relief on the representation;
(iv)   the creditor's reliance was justifiable; and
(v)    the debtor's representation caused the creditor to sustain a loss.[40]

**C.    The Party Against Whom Estoppel Is Asserted Has Been a Party to or Is in Privity with a Party to the Prior Proceeding**

The Defendant does *not* dispute this element and therefore this element is fulfilled.

**D.    There Is a Final Judgment on the Merits in the Prior Proceeding**

The Defendant does *not* dispute this element and this Court concludes under COLO.R.CIV.P. 54(b), the State Court Judgment is a final judgment.

**E.    The Party Against Whom the Doctrine Is Asserted Had a "full and fair opportunity" to Litigate the Issue in the Prior Proceeding**

It would appear that the key defense to issue preclusion raised by the Defendant is that

---

[38]    *Sunny Acres,* 25 P.3d at 47 (citations omitted).

[39]    *Hansen v. Nier (In re Hansen)*, 131 B.R. 167, 171 (D.Colo. 1991), *aff'd.* 977 F.2d 595 (10th Cir. 1992).

[40]    *Field v. Mans,* 516 U.S. 59, 70, 116 S.Ct. 437, 444, 133 L.Ed.2d 351 (1995); *see also,Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1372 (10th Cir. 1996).

she ran out of money to pay for the legal defense to the State Court Action—including counsel and experts.

Colorado courts have looked to several factors when determining whether a party had a "full and fair opportunity" to litigate an issue: (1) whether the remedies and procedures in the first proceeding are substantially different from the proceeding in which collateral estoppel is asserted; (2) whether the party in the first proceeding had sufficient incentives to vigorously assert or defend his position; and (3) the extent to which the issues are identical.[41]

*Defendant does not dispute the first and third factors.*

However, the Defendant asserts that "[w]here a debtor was unable to mount an effective defense because he is preoccupied with plans to file for bankruptcy, the party does not have a full and fair opportunity to present his case." In making this statement, Defendant cites to *Elletson v. Riggle (In re Riggle).*[42] But, upon closer examination of the *Riggle* decision, it appears that the actual quote is: "Where the proceedings in the Colorado case demonstrate that the debtor was unable to mount an effective defense due to the distractions of the pending bankruptcy proceeding, this *may* show the debtor did not have a full and fair opportunity to present his case."[43]

Judge Babcock in his *Riggle* decision notes that one may be denied a "full and fair opportunity to litigate" when the prior judgment is "procured by mistake, fraud, lack of due process , or other similar infirmity."[44] Consequently, this Court, as the reviewing court has the obligation to review the circumstances under which the prior judgment was entered.[36] The prior proceedings, however, need not be perfect.[37]

The focus here is whether the party in the first proceeding had sufficient incentives to vigorously assert or defend her position. Examples given in the *Riggle* decision whereby the Defendant did not have sufficient incentive to defend the action, included, but was not necessarily limited to:

---

[41] *In re Water Rights of Elk Dance Colo., LLC,* 139 P.3d 660, 669 (Colo. 2006).

[42] 389 B.R. 167 (D.Colo. 2007). The citation used by the Defendant is to page 177. However, it appears that the Judge Babcock in his opinion discussed the question of "full and fair opportunity to litigate"starting at page 178. Judge Babcock's reference to the plans to file for bankruptcy and his determination with respect to the "full and fair opportunity to litigate" were based on the circumstances of the case.

[43] 389 B.R. at 178 (emphasis added).

[44] *Id.*

[36] *Id.*

[37] *Id.*

    A.    Where the party's exposure to liability is substantially less in the first proceeding than the second.

    B.    Where the first proceedings were clouded by distractions related to a *pending* bankruptcy proceeding.

    C.    Where the Defendant in the first proceeding was preoccupied with plans for filing bankruptcy.

First, Defendant avers that she lacked the funds to fully and fairly litigate the Plaintiffs' claims in the State Court Action. Second, because of the expensive litigation tactics employed by the Plaintiffs as seasoned attorneys, the Defendant contends that she lacked the funds to fight. Third, Defendant asserts she lacked the funds to employ an expert to refute damages.

In examining the exhibits and affidavits attached to the Motion for Summary Judgment and the Defendant's Response thereto, it does appear that Defendant, through counsel, *did* actively contest the Plaintiff's Motion for Summary Judgment in the State Court Action. Moreover, it appears that argument was made countering the allegations of fraud. It would appear—although Defendant did not have access to a perfect defense, perhaps—that Defendant was given a "full and fair opportunity" to litigate this matter in the State Court Action.

## VI.    Order

Based on the above and foregoing,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is GRANTED. Plaintiffs are granted summary judgment on their First Claim for Relief and the debt owed by the Defendant to the Plaintiffs based upon the State Court Judgment, in the amount of $507,000, plus interest, costs, and fees, are determined nondischargeable under 11 U.S.C. § 523(a)(2)(A).

IT IS FURTHER ORDERED that this ruling resolves only the First Claim for Relief of the Plaintiff. The Second Claim for Relief requests that this Court also find this obligation nondischargeable under 11 U.S.C. § 523(a)(6). As this ruling ostensibly resolves this adversary proceeding completely, in that the obligation asserted is found nondischargeable, this Court will close this Adversary Proceeding 14 days after this Order and separate Judgment become final and non-appealable. To the extent either Plaintiffs or Defendant seek a determination on the Second Claim for Relief, they shall file an appropriate pleading with this Court not later than 14 day after entry of this Order.

IT IS FURTHER ORDERED that the Motion for Leave to file Reply filed by the Plaintiffs on June 1, 2011 (Docket #23) is DENIED.

IT IS FURTHER ORDERED that the Final Pretrial Conference scheduled for Tuesday, August 2, 2011, commencing at 10:00 a.m., and the Trial scheduled for two-days commencing

on Wednesday, August 24, 2011, at 9:00 a.m., are VACATED.

    Dated this 27th day of June, 2011.

BY THE COURT:

_/s/ Sid Brooks_____

Sidney B. Brooks,
United States Bankruptcy Judge
